IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPHINE BROOKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. 3:11-CV-95 |
| v. | ) JUDGE KIM R. GIBSON |
| | ) |
| ALTOONA HOUSING AUTHORITY, | ) |
| CHERYL JOHNS, *its Executive Director*, | ) |
| LINDA WALTER, *Section 8 Coordinator*, and | ) |
| JOHN or JANE DOE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

### I. SYNOPSIS

This matter comes before the Court on Defendants Altoona Housing Authority, Cheryl Johns and Linda Walter's Motion to Dismiss Verified Complaint (Doc. No. 4). Plaintiff Josephine Brooker opposes the Motion (Doc. No. 11). For the reasons set forth herein, Defendants' Motion is hereby **GRANTED IN PART** and **DENIED IN PART**.

### II. JURISDICTION AND VENUE

Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 3613. Venue is proper pursuant to 28 U.S.C. § 1391(b).

### III. PROCEDURAL AND FACTUAL BACKGROUND

This case arises from the termination of Plaintiff's low income public housing benefits after an incident at her apartment on May 20, 2010 at the Eleventh Street Towers, a public housing site owned and operated by the Altoona Housing Authority (AHA). Plaintiff's and Defendants' respective versions of this incident are vastly different, but both agree that it

1

culminated with Plaintiff locked in her apartment and her gas stove turned on. After police responded to the incident, Plaintiff was removed from the apartment and referred for mental health evaluation. Defendants terminated her lease shortly thereafter, and subsequently denied her federal Section 8 housing choice voucher benefits.

Plaintiff argues that Defendants' actions violated her rights under federal law. To this end, she filed a Verified Complaint (Doc. No. 1) in this Court on April 13, 2011, asserting claims under the Civil Rights Act, 42 U.S.C. § 1983, the U.S. Housing Act, 42 U.S.C. §§ 1437 *et seq.*, the Due Process Clause of the Fourteenth Amendment, the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*, Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131 *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. On May 16, 2011, Defendants filed the instant Motion and a Brief in Support (Doc. Nos. 4 and 5). Plaintiff filed a Brief in Opposition on June 9, 2011 (Doc. No. 11), to which Defendants filed a Reply on October 24, 2011 (Doc. No. 26).

## IV. STANDARD OF REVIEW

Defendants brought their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Rule 12(b)(6) must be balanced with the requirements of Rule 8, which governs general pleading matters, and provides that "[a] pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8.

While the recent decisions of the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), represent a significant change in federal pleading standards, the United States Court of Appeals for the Third Circuit has provided clear guidance to the district courts. To wit:

[A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district

> courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." 129 S. Ct. at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234-35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). In short, a district court reviewing a motion to dismiss for failure to state a claim must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Id.* at 210 (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). However, "legal conclusions" and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice" as bona fide factual material. *Iqbal* 129 S. Ct. at 1949.

## V. DISCUSSION

The Court will address each of Defendants' claim-specific arguments in turn, but two of Defendants' general arguments can be dispensed with immediately. First, Defendants argue that all of Plaintiff's claims should be dismissed because her medical and psychiatric problems (which are the basis for the disability at issue in this case) have supposedly cleared since the incident at the Eleventh Street Towers, therefore leaving her without relief under the disability rights statutes. Doc. No. 5 at 1-2. However, the factual veracity of Plaintiff's disability is not relevant or appropriate for adjudication at this stage of the litigation; Plaintiff has pled that her disability existed, which is all that needs to be done to survive Defendants' Motion to Dismiss.

3

Therefore, this argument fails.

In addition, Defendants Walter and Johns rely on a qualified immunity argument to shield them from some of Plaintiff's claims. The Court declines to consider such arguments at this time. As the Third Circuit has noted, an inquiry into qualified immunity is a two-step process. First, a court must determine whether clearly established rights have been violated. Next, the court must decide if the defendant acted reasonably in depriving the plaintiff of his constitutional rights. *Abbott v. Latshaw*, 164 F.3d 141, 148 (3d Cir.1998). The latter element requires a factual inquiry, which is not appropriate at this stage. See *Gale v. Storti*, et al, 608 F.Supp.2d 629, 634 (E.D.Pa.2009) (holding that, for purpose of motion to dismiss, once plaintiff establishes that constitutional rights have been violated, analysis of qualified immunity is best deferred to summary judgment). Accordingly, Defendants' qualified immunity defense is denied without prejudice as to its being raised at a later stage of the litigation.

## A. Whether Defendants violated Plaintiff's Due Process rights

Defendants' first claim-specific argument addresses Count Two of Plaintiff's Verified Complaint, which asserts that Defendants' termination and subsequent denial of Plaintiff's federal housing benefits violated her procedural due process rights under the Fourteenth Amendment. Defendants assert that they fulfilled their responsibilities by giving Plaintiff notice and opportunity to be heard after both the termination of her lease and the denial of her Section 8 application. Regarding termination of Plaintiff's lease, Defendants claim that the AHA's notice stated grounds for the termination, and informed her of her right to examine AHA documentation and request a formal hearing. Doc. No. 5 at 6. Similarly, Defendants assert that when Plaintiff's Section 8 benefits were denied, the AHA provided a statement of reasons for the denial, and informed Plaintiff of her right to request an informal review. *Id.* Finally, Defendants argue that

any failure to provide reasonable accommodations for Plaintiff's disability is irrelevant because neither the Fourteenth Amendment nor the relevant HUD regulations impose such a requirement. *Id.* at 6-7. In response, Plaintiff asserts that the procedures followed by the AHA were inadequate given Plaintiff's disability, and that Defendants needed to tailor any such procedures to Plaintiff's needs. In their reply, Defendants once again emphasize that relevant HUD regulations do not require notice beyond what was given in this case, and that cases cited by Plaintiff in support of her argument for the need for a reasonable accommodation are not analogous to the situation presented here. Doc. No. 26 at 2-4.

The Court notes that the aforementioned arguments concerning AHA's possible violations of Plaintiff's due process are indicative of the significant gap in the respective factual accounts of the parties. Questions concerning what procedures were followed and/or the need for any accommodations based on Plaintiff's disability are essentially factual in nature, and are therefore not appropriate for adjudication at this stage. For now, Plaintiff has pled sufficient facts pursuant to the *Iqbal* standard to establish a claim for violation of her Due Process rights – namely, that Defendants failed to provide her with sufficient notice and opportunity to be heard. Accordingly, Defendants' argument as to Count Two of the Verified Complaint fails.

**B. Whether Defendants violated Plaintiff's rights under the U.S. Housing Act and its implementing regulations**

Defendants next address Count One of Plaintiff's verified complaint, which asserts that Defendants violated her rights under the U.S. Housing Act and its implementing regulations by denying her Section 8 housing benefits on the basis of an eviction from the Eleventh Street Towers. Plaintiff argues that the eviction was either illegitimate or never happened. Doc. No. 11 at 4-5. Defendants counter that the eviction occurred and was completely lawful, thus nullifying

any claim Plaintiff might have under the Housing Act. Doc. No. 5 at 7-8; Doc. No 26 at 1-2.

Once again, these arguments reveal a discrepancy in the factual record as to the nature of Defendants' actions and whether they can be properly defined as an eviction for purpose of the relevant statute. As was the case with Defendants' argument regarding Plaintiff's Due Process claim, such disputes cannot be resolved at the Motion to Dismiss stage, and we must accept as true Plaintiff's facts, which are sufficient facts under the *Iqbal* standard to establish a claim for violation of her rights under the U.S. Housing Act. Therefore, Defendants' argument as to Count One also fails.

## C. Whether the Americans with Disabilities Act and the Rehabilitation Act provide for claims against Walter and Johns in their individual capacities

Defendants' next argument pertains to Counts Four and Five, which allege violations of the Americans with Disabilities Act and the Rehabilitation Act, along with their implementing regulations. Defendants assert that because the relevant statutes do not provide for claims against individuals, these claims should be dismissed as to Defendants Johns and Walter in their individual capacities. Doc. No. 5 at 8-9. Plaintiff does not directly counter this argument in her response; indeed, she seemingly concedes the point by noting that "Title II of the ADA regulates public entities, and § 504 [of the Rehabilitation Act] regulates federally-funded entities – not individuals." Doc. No. 11 at 13. Further, Plaintiff's Verified Complaint does not specify as to whether her claims against Johns and Walter are brought in their individual capacities. Doc. No. 1 at 14.

Regardless of Plaintiff's position, it is well-settled that individuals cannot be sued under the Americans with Disabilities Act. *Taylor v. Altoona Area Sch. Dist.*, 513 F.Supp.2d 540, 559 (W.D.Pa. 2007) (citing *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1170 (11th Cir. 2003)).

Nor is relief permitted against individuals under the Rehabilitation Act. *Taylor*, 513 F.Supp.2d 556 (citing *A.W. v. Jersey City Public Schools*, 486 F.3d 791 (3d Cir. 2007)). Accordingly, to the extent that Counts Four and Five of Plaintiff's Verified Complaint demand relief from Defendants Johns and Walter in their individual capacities for violations of the Americans with Disabilities Act and the Rehabilitation Act, such claims are dismissed with prejudice.

**D. Whether the Fair Housing Act allows for claims against Defendants Walter and Johns in their individual capacities**

Count Three of Plaintiff's Verified Complaint pleads a violation of the Fair Housing Act and its implementing regulations. Regarding the possibility of individual liability under the FHA as to Walter and Johns, Defendants argue that they had no authority in their individual capacities to discriminate in the sale or rental of housing, a showing of which is required to establish personal liability for an FHA claim. Doc. No. 5 at 8-9. Defendants add that because Johns and Walter acted *solely* in their official capacities, Plaintiff cannot sue them in their individual capacities. Plaintiff counters that individuals may be sued in their individual capacity for violations of the FHA, so long as they were in a position to effectuate the discrimination at issue. Doc. No. 11 at 12.

To date, there is no controlling authority as to whether officials may be sued in their individual capacities under the Fair Housing Act. To be certain, both Plaintiff and Defendants cite authority to support their respective points of view. However, this Court finds as persuasive the recent ruling in *Taylor v. Messmer*, 2010 WL 607089 (W.D.Pa. Feb. 9, 2010). In that case, the court dismissed Fair Housing Act claims against certain defendants in their individual capacities because they "did not have the power or capacity to discriminate against Plaintiff... except in their official capacity as officers of Council." *Id.* at *10. Because Plaintiff's claims

only related to "alleged conduct undertaken by [Defendants] in their capacity as Council officers," such claims could only be brought against them in their official capacities. *Id.* The facts in *Taylor* are analogous to the instant case. Nowhere in Plaintiff's Verified Complaint does she allege that Defendants Walter and Johns acted in anything but their official capacities. Accordingly, Plaintiff's Federal Housing Act claims against Walter and Johns in their individual capacities are dismissed with prejudice.

### E. Whether the claims against Walter and Johns in their official capacities are duplicative

Defendants' next argument is that the Court should dismiss Plaintiff's claims against Defendants Walter and Johns in their official capacities, because both are officers of Defendant Altoona Housing Authority, which is also a party to this suit. Doc. No. 5 at 9-10. In her Response, Plaintiff does not specifically address this argument.

Defendants rightfully note that courts in the Third Circuit have dismissed claims against public officers in their official capacities when those claims are also asserted against the relevant municipality or agency of the municipality. See *Cuvo v. De Biasi*, 169 Fed.Appx. 688, 693 (3d Cir. 2006) (affirming District Court's dismissal of the claims against officers in their official capacities because such claims were functionally against the public entity that employs them, and therefore "redundant"); *Dawson v. Harran*, 2008 WL 1959696 at *6 (E.D.Pa. May 5, 2008) (granting motion to dismiss claims against individual defendants in their official capacities because such claims were redundant). Were it absolutely clear at this stage that Defendant Altoona Housing Authority is a municipal agency, this principle would apply. However, as discussed further below with regard to Plaintiff's punitive damages claims, there remains some factual dispute as to the AHA's status. Because of this uncertainty, the Court declines to dismiss claims against Walter and Johns in their official capacities. However, at the summary judgment

8

stage, if the factual record clearly reveals that the AHA is a municipal entity, Defendants may revisit the issue of the possibly duplicative nature of claims against Walter and Johns in their official capacities.

## F. Whether punitive damages are available against Altoona Housing Authority

Finally, Defendants assert that Plaintiff's claims for punitive damages should not be allowed under the Americans with Disabilities Act, the Rehabilitation Act, or the Fair Housing Act because Defendant Altoona Housing Authority is an entity of the municipality of Altoona. Doc. No. 5 at 10. Plaintiff's response addresses punitive damages as to all Defendants, but because Defendants' Motion only specifically addresses the possibility of punitive damages as to Defendant AHA, we limit our discussion to that point alone. Regarding the AHA, Plaintiff refuses to concede that it should be considered a municipality or an entity thereof, and further insists that additional factual development is required to establish the AHA's status, which Plaintiff argues is a matter of state law. Doc. No. 11 at 13-14.

The Court first notes that Defendants' characterization of the nonexistence of punitive damages under the Americans with Disabilities Act and the Rehabilitation Act is essentially correct. Since the Supreme Court's decision in *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981), it has been well-established that municipalities are immune from exposure to punitive damages for bad faith acts committed by their officials in suits under 42 U.S.C. § 1983. The Third Circuit later expanded this principle to suits under the Americans with Disabilities Act and the Rehabilitation Act. See *Doe v. County of Centre, PA*, 242 F.3d 437, 457 (3d Cir. 2001) (holding that courts should assume that Congress intended to retain common law immunity for municipalities against punitive damages, unless there is a clear expression of congressional intent to the contrary). Indeed, absent specific language in the statute, the Third Circuit has been

9

traditionally skeptical of the possibility of punitive damages awards against municipalities in *any* case. See *New Jersey Coalition of Rooming & Boarding House Owners v. Mayor of Asbury Park*, 152 F.3d 217, 225 (3d Cir. 1998) (holding that "it is not clear that punitive damages can ever be awarded against a municipal defendant" absent some showing of "widespread and knowledgeable participation by the taxpayers" in the relevant conduct). While the Fair Housing Act does authorize the award of punitive damages, 42 U.S.C. § 3613(c)(1), a plain reading of the statute reveals no specific language, as required by the Third Circuit in *Doe*, authorizing punitive damages against *municipalities*.

However, even with this background in mind, it would be inappropriate to dismiss Plaintiff's punitive damages claims against Defendant Altoona Housing Authority at this time. Whether the Authority was a part of the municipality, or had some other independent foundation, is a matter of fact not appropriate for adjudication at this stage of the litigation. As of now, there is no indication as to whether taxpayers will be responsible for a potential punitive damages award against Defendant AHA. The Court notes that given the significant authority against punitive damages as to municipalities, Plaintiff will eventually need to develop some evidence as to the Authority's possible independence from the municipality. For the time being, such evidence is not necessary for Plaintiff's punitive damages claims to survive Defendants' Motion.

## VI. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (Doc. No. 5) is hereby **GRANTED IN PART** and **DENIED IN PART**. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPHINE BROOKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. 3:11-CV-95 |
| v. ) | JUDGE KIM R. GIBSON |
| ) | |
| ALTOONA HOUSING AUTHORITY, ) | |
| CHERYL JOHNS, *its Executive Director*, ) | |
| LINDA WALTER, *Section 8 Coordinator*, and ) | |
| JOHN or JANE DOE, ) | |
| ) | |
| Defendants. ) | |

## ORDER

**AND NOW**, this 16th day of March 2012, this matter coming before the Court on Defendants' Motion to Dismiss Verified Complaint (Doc. No. 4), **IT IS HEREBY ORDERED** as follows:

1. Defendants' Motion is **GRANTED** as to claims under the Americans with Disabilities Act, the Rehabilitation Act, and the Fair Housing Act against Defendants Walter and Johns in their individual capacities only. These claims are dismissed **WITH PREJUDICE**.

2. Defendants' Motion is **DENIED** in all other respects.

BY THE COURT:

*/s/ Kim R. Gibson*

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**